REGAN, Judge.
The plaintiff, Frank Barreca, filed this suit against the defendants, the City of New Orleans, the French Market Corporation, Felix Bonura, its president and chairman of the Board, and H. N. Fernandez, Inc., endeavoring to enjoin them from continuing the operation of the “Cafe Du Monde Coffee Stand” designated by the Municipal No. 410 St. Ann Street in the City of New Orleans, and also endeavoring to enjoin H. N. Fernandez, Inc., from continuing to occupy these premises.
The plaintiff, in the alternative, requested that a writ of mandamus issue directing Felix Bonura in his corporate capacity to lease the St. Ann Street property to him in conformity with the terms and conditions set forth in a bid proposal submitted by him on March 6, 1968. He then ex *139 plained that his hid was the highest of the four submitted to the French Market Corporation, and the defendant’s was the lowest, and that the defendant's present lease from the corporation on a month to month basis is illegal.
The defendants, the French Market Corporation and Felix Bonura, answered denying the pertinent accusations set forth in the plaintiff’s petition and then asserted that bidders must offer evidence that they are fully competent in order to fulfill the conditions of the contract of lease, and that the French Market Corporation possesses the right to disqualify any applicant who, in its opinion, does not possess these qualifications. The Corporation asserted that after consideration of all bids, it recommended awarding the lease to H. N. Fernandez, Inc., and recited thirteen reasons therefor, pointing out that the goodwill which has made this coffee house an outstanding attraction to both tourists and New Orleaneans was created by the arduous efforts of H. N. Fernandez, Inc., over a period of thirty years; that the business relationship with this tenant has always been reputable, pleasant and profitable; that the business records of this tenant indicate that its bid is more realistic than the higher bids, and it is backed by a greater sum of money since the net worth of the six shareholders of the Fernandez corporation is $600,000.00. Additionally, it reasoned that the title, “Cafe Du Monde Coffee Stand”, which the Fernandez family has used as a trade name for more than thirty years, would be moved to another location, and this action would obviously jeopardize the coffee house business and ultimately affect the interest of the City of New Orleans and particularly the other businesses in the vicinity of the coffee house.
In conclusion, it asserted that the monthly rental offered by the present tenant is $2,400.00, which is $1,200.00 or 100% more than the amount recommended by the Real decision to lease the property to H. N. Estate Board of New Orleans, and that its Fernandez, Inc., emanates from its obligation to the citizenry of New Orleans and the tourists who frequent this coffee house to do what is, in its judgment, best for them.
The defendant, H. N. Fernandez, Inc., answered and pointed out that the French Market Corporation possesses the exclusive jurisdiction to lease and sublease property located in the French Market, including the Cafe Du Monde Coffee Stand, under Ordinances 15,715 and 15,719 of the City of New Orleans adopted in 1943, and that Ordinance 2500 passed in 1962, as amended in 1963, which outlines the procedure for the City to pursue in leasing property cannot impair prior obligations entered into by the City and the French Market Corporation under the 1943 ordinances. It also asserts that the proposal as advertised by the French Market Corporation stipulates that the French Market Board is to exercise its discretion in accepting or rejecting bids; that the plaintiff’s bid was not the highest bid since it was for $35,-000.00 and Anthony Angelo’s was for $40,-000.00, and that the plaintiff’s offer of the highest percentage of gross receipts was merely speculative. It points to the plaintiff’s character and insists that he is not a responsible bidder since this fact is evidenced by certified copies of criminal convictions.
In the alternative, it explains that Ordinance 2500 provides in Section 4 thereof that the Council, by a majority vote, may authorize leasing of property in a manner other than prescribed herein.[1]
The defendant, the City of New Orleans, pleaded the exceptions of no cause and no right of action and asserted in connection therewith that the plaintiff has not secured the approval of the City Council as is re *140 quired by Ordinances No. 2500 and 2870 and that there exists no ministerial duty on the part of an officer of the City of New Orleans to provide the relief demanded by the plaintiff herein.
Following a hearing, judgment was rendered in favor of the defendants, the French Market Corporation, H. N. Fernandez, Inc., and Felix Bonura, and against the plaintiff, Frank Barreca dismissing this suit at his costs. Judgment was also rendered in favor of the City of New Orleans maintaining its exceptions of no right or cause of action and dismissing the plaintiff’s suit against it at his costs.
From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that Ordinance No. 15,701, passed on January 26, 1943, authorized the City of New Orleans to lease and grant a franchise, to operate French Market property to the highest bidder. This ordinance stipulated that:
“The Lessee shall not assign or transfer such franchise and lease except as security for the bonds above referred to but may sublease the property covered by such franchise and lease on approval thereof by the City subject, however, to the provisions of the Mortgage above referred to.”
Pursuant to that ordinance, the City of New Orleans accepted the bid of the French Market Corporation by passage of Ordinance No. 15,714 on February 16, 1943, and on that same date, Ordinance No. 15,-715, authorized the City of New Orleans to enter into a formal lease and franchise with the French Market Corporation and Ordinance No. 15,716 authorized the French Market Corporation to enter into an act of First Mortgage with the American Bank and Trust Company of New Orleans, Louisiana, as trustee, to secure an issue of first mortgage bonds in the principal amount of $300,000.00.
On February 23, 1943, Ordinance No. 15,-719 was passed whereby the French Market Corporation subleased the French Market property to the City of New Orleans for the purpose of securing the bonds issued by the French Market Corporation. This ordinance provides- as follows:
“SECTION 4. BE IT FURTHER ORDAINED, ETC., That while this sublease or any renewal thereof shall be in effect, the French Market Corporation through its Board of Directors shall, for the benefit of the City, manage and operate the leased premises subject to the terms, conditions and stipulations of the aforesaid agreement of sub-lease.”
The pertinent part of the sublease agreement of March, 1943, provides as follows:
“Section 7. While this lease shall be in effect the French Market Corporation shall, for the benefit of the Lessee, manage and operate the leased premises. The French Market Corporation agrees to collect rentals and to receive and retain under its control all income derived from the use of any part of the leased premises by others than the Lessee during the life of this lease * * *.”
Therefore, the foregoing ordinances and transactions which occurred in connection therewith lead to the inevitable conclusion that the French Market Corporation has, since 1943, always acted as an agent for the City of New Orleans in leasing and managing French Market property.
Ordinance No. 2500 enacted in 1962 and amended by Ordinance No. 2870 in 1963 provides that any property owned by the City of New Orleans which is subject to a lease for a period of time in excess of one year is to be awarded to the highest responsible bidder after due advertisement by the Bureau of Purchasing of the Department of Finance, but that the City Council, by a majority vote, may authorize leasing of property in any manner other than as prescribed therein.
At the request of the City Council, the French Market Corporation, and not the Bureau of Purchasing of the Department *141 of Finance, as required by Section 1 of Ordinance No. 2500 as amended, advertised for bids for the lease and operation of the property which forms the subject matter of this litigation and four sealed bids were submitted in response thereto. The two significant bids were those of the plaintiff and H. N. Fernandez, Inc.
The French Market Corporation in connection therewith reserved its right to reject all bids in the interest of the City of New Orleans when it included the following stipulation in its invitation to bid:
“It is requested that all bids be returned to the FRENCH MARKET CORPORATION where the right is reserved to reject any and all bids, and to waive any and all formalities in the best interest of the CITY OF NEW ORLEANS, LOUISIANA.”
On January 18, 1968, a resolution was introduced wherein the City Council was requested to concur in the recommendations adopted unanimously by the Board of Directors of the French Market Corporation and approve several leases, one of which was to H. N. Fernandez, Inc., for a five year period with an option to renew for an additional five years; this resolution, which was deferred by the Council until December 18, 1968, was not approved; however, it is of significance to note that the Council has taken no further action since that time. The tenant, H. N. Fernandez, Inc., has continued to occupy the property by virtue of a lease on a month to month basis, which is not prohibited by the ordinances referred to here-inabove.
The lower court reasoned that the French Market Corporation possesses the authority from the Council to lease this property for five years with an option to renew for an additional five years to the highest responsible bidder, subject to the approval of the lease by the Council. However, to reiterate, the Council did not approve the lease entered into by the French Market Corporation with H. N. Fernandez, Inc., for the five year period but since it has taken no action with respect to the month to month lease to the Fernandez corporation, this inaction was considered to amount to the tacit approval of the action of the French Market Corporation. The lower court in conclusion reasoned that any remedy which the plaintiff may have in this matter should properly be addressed to the City Council, the legislative branch of the city government, for redress, and not to a court of law.
Our analysis of the record convinces us that the judgment of the lower court is correct. The French Market Corporation’s action as agent in leasing 410 St. Ann Street on a month to month basis received the tacit approval of its principal, the City of New Orleans, and the City is, as a matter of law, the proper party to raise the issue that several long term bids, including the plaintiff’s were not submitted to the City Council for its consideration by the French Market Corporation.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

. The defendants allege that Section 4 is the authority by which the City Council requested the French Market Corporation to advertise for bids which brought forth the submission of the bids by the plaintiff and H. N. Fernandez, Inc.